**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-1773V
UNPUBLISHED

| | |
|---|---|
| OLGA CAPKEVICIENE,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: July 23, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Richard H. Moeller, Moore, Hefferman, et. al, Sioux City, IA,* for petitioner.

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

On November 19, 2019, Olga Capkeviciene filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") – as a result of her December 23, 2018 influneza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 16, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services, have reviewed the petition and medical records filed in the case. It is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation, which affords petitioner the presumption of causation because petitioner had no history of pain, inflammation or dysfunction in her left shoulder; her pain occurred within 48 hours of receipt of an intramuscular vaccination; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms. 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10).

*Id.* at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master